UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| KIMBERLY NOTTO-LOCKLEY | CIVIL ACTION NO. 6:24-CV-00291 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| SCHOOL BOARD OF ST MARY PARISH ET AL | MAGISTRATE JUDGE DAVID J. AYO |

## **REPORT AND RECOMMENDATION**

Before this Court is a MOTION TO DISMISS filed by Defendant St. Mary Parish School Board. (Rec. Doc. 7). Plaintiff Kimberly Notto-Lockley opposes the motions. (Rec. Doc. 9). This motion was referred to the undersigned for issuance of report and recommendation pursuant to 28 U.S.C. § 636. After review of the record and briefing, the undersigned recommends that the School Board's motion be GRANTED.

## **Factual and Procedural Background**

Notto-Lockley is employed by the School Board and contends that she was denied a supervisory position for which she was qualified. (Rec. Doc. 1 at ¶IV). On May 5, 2023, she filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination in violation of Title VII of the Civil Rights Act of 1964. (Rec. Doc. 7-3). The EEOC issued a Notice of Rights Letter (the "Right to Sue Letter") to Notto-Lockely via email in care of her attorney on November 28, 2023. (Rec. Doc. 1-1). The Right to Sue Letter reads, in pertinent part:

> Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are

> hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.
> If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

(Rec. Doc. 1-1).

On February 28, 2024, 92 days later, she filed a complaint in this Court. (Rec. Doc. 1). The School Board moves to dismiss Notto-Lockley's claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that the Title VII claim was untimely filed and, in the alternative, for failure to state a claim upon which relief may be granted. (Rec. Doc. 7). Notto-Lockley opposes the motion. (Rec. Doc. 9).

## **Applicable Standards**

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts "are not bound to accept as true a

legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atl.*, 127 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope

or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atl.*, 127 U.S. at 556). *See also In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

Ordinarily, in ruling on a Rule 12(b)(6) motion, the Court is limited to the allegations of the complaint and any exhibits attached thereto; however, the court may also consider documents attached to the defendant's motion if they are referenced in the complaint and central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007). The Court is also permitted to take judicial notice of public records as well as facts which are not subject to reasonable dispute in that they are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011).

## Law and Analysis

Title VII of the Civil Rights Act of 1964 prohibits covered employers from discriminating against any individual with respect to "terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff asserting discrimination claims must exhaust administrative remedies before filing suit. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. *Id.* (citing

*Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996)). Title VII provides that claimants have 90 days to file a civil action after receipt of such a notice from the EEOC. *Taylor, supra.* (citing *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir. 1982)). This requirement to file a lawsuit within the 90-day limitation period is strictly construed. *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986); *Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1251 (5th Cir. 1985).

The "90-day period of limitation established by 42 U.S.C. § 2000e–5(f)(1) begins to run on the date that the EEOC right-to-sue letter is delivered to the offices of formally designated counselor to the claimant." *Bernstein v. Maximus Fed. Servs., Inc.,* 63 F.4th 967, 969 (5th Cir. 2023) (quoting *Ringgold*, 796 F.2d at 770). *Ringgold*'s "constructive notice rule" is premised on Congress's "basic policy choice" that in our system of representative litigation "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Bernstein, supra* (citing *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1094 (5th Cir. 1989)). *Ringgold*'s rule remains applicable today. *See, e.g., Carrizal v. Brennan*, 834 F. App'x 915, 917 (5th Cir. 2020) ("Fifth Circuit precedent is clear the [Title VII] period begins upon receipt by either counsel or claimant— whomever is first.").

While the 90-day time limit is strictly construed, it is also subject to equitable doctrines such as tolling. *Strunk v. Methanex USA, LLC*, 2024 WL 366173, at *2 (5th Cir. 2024). Tolling applies only in "rare and exceptional circumstances." *Id.* (citing *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010)). It is to be applied

sparingly, and the plaintiff has the burden to justify tolling. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *Granger v. Aaron's, Inc.*, 636 F.3d 708, 711–12 (5th Cir. 2011). "[A] plaintiff is entitled to equitable tolling only if she establishes (1) that she continually and 'diligently' pursued her rights, and (2) 'that some extraordinary circumstance stood in [her] way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Fed. R. Civ. P. 6(a)(1)(B) expressly provides that every day—including Saturdays, Sundays, and legal holidays—is counted in computing time. When, however, the last day falls on a holiday, the period continues to run until the next day that is not a Saturday, Sunday, or holiday. Fed. R. Civ. P. 6(a)(1)(C).

Notto-Lockley does not dispute that she received the Right to Sue Letter from the EEOC via email thorough her attorney on November 28, 2023 (Rec. Doc. 1-1), and she does not dispute that she filed the petition on February 28, 2024—92 days after she received the letter. Accordingly, it is undisputed that Notto-Lockley's action is untimely on its face. However, she asserts:

> Counsel would like the Court to take notice that three (3) major federal holidays occurred between 28NOV23 and 28FEB24. They were Christmas, New Year's Day, and Martin Luther King Day. Counsel would request that the Court consider the circumstances of this case. The Defendant argues that this action was two (2) days late and that it should be dismissed. The fact is that the EEOC had this matter under investigation and the Plaintiff requested a right to sue letter which allowed this matter to move forward at a faster pace than normal. This matter has not been unduly delayed by filing for the petition on the 92 day after the filing of the initial complaint with the EEOC. By my calculation the petition was filed around day number 272 after the

> initial EEOC form was filed. I respectfully request that the Court in the interest of justice allow this filing.

(Rec. Doc. 9 at 1).

The Court notes that three federal holidays fell between November 28, 2023 (the date Notto-Lockley's attorney received the Right to Sue Letter) and Wednesday, February 28, 2024 (the date she filed her Complaint); however, Rule 6 is clear, again, that that every day—including Saturdays, Sundays, and legal holidays—is counted in computing time. Accordingly, the Court finds that this action is untimely.

Notto-Lockley suggests that "the Court in the interest of justice allow this filing," which the Court construes as a request for equitable tolling. However, Notto-Lockley merely states that this matter moved forward at a "faster pace than normal" and that "the matter was not unduly delayed." (Rec. Doc. 9 at 1). Notto-Lockley offers no justification or explanation in either her Complaint or her opposition showing (1) that she continually and "diligently" pursued her rights, and (2) "that some extraordinary circumstance stood in [her] way and prevented timely filing evidence."[1]

Notto-Lockley was at all relevant times represented by the same attorney, admits that she and her attorney received the EEOC Right to Sue Letter, and has failed to produce any evidence establishing why this matter could not have been filed prior to February 28, 2024. Accordingly, the Court finds that this is not an exceptional case that merits equitable tolling. See, *e.g., Hood v. Sears Roebuck & Co.*,

---

[1] The Court notes that Notto-Lockley's "requests that she be allowed to supplement and amend her petition if the Court finds her initial complaint was no[t] sufficient as set forth in EEOC Complaint# 46120220394 and her petition." (Rec. Doc. 9). The Court's findings relate to the sufficiency of her reasons for failing to file this matter timely rather than the merits of the case.

168 F.3d 231, 232 (5th Cir. 1999) (affirming dismissal of plaintiff's Title VII claims and rejecting plaintiff's equitable tolling argument that "mental incapacity rendered her unable to pursue her legal rights," where plaintiff retained counsel before the EEOC filing deadline expired and failed to explain why counsel could not have timely handled the filing of the EEOC charge); *accord Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) ("We are reluctant to apply equitable tolling to situations of attorney error or neglect, because parties are bound by the acts of their lawyer.").

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the MOTION TO DISMISS (Rec. Doc. 7) filed by Defendant St. Mary Parish School Board be GRANTED and that all claims asserted by Plaintiff Kimberly Notto-Lockley be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

Signed in Lafayette, Louisiana, this 4th day of November, 2024.

_____
David J. Ayo
United States Magistrate Judge